# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3197-20

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

T.M.L.P.,

     Defendant-Appellant,

and

R.C., M.M., a/k/a M.R., R.M.,
and R.S., a/k/a R.B.,

     Defendants.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF X.S.F.,
T.A.-P.C., K.-B.S.M., and
T.I.T.P., JR., minors.

_____

Submitted September 21, 2022 – Decided September 27, 2022

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FG-07-0025-20.

Joseph E. Krakora, Public Defender, attorney for appellant (Carol A. Weil, Designated Counsel, on the briefs).

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Wesley Hanna, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Meredith Alexis Pollock, Deputy Public Defender, of counsel; Margo E.K. Hirsch, Designated Counsel, on the brief).

PER CURIAM

Defendant T.M.L.P.[1] is the biological mother of X.S.F., T.A.-P.C., K.-B.S.M., and T.I.T.P., Jr. Defendant appeals from the June 21, 2021 judgment of guardianship terminating her parental rights to the four children. Defendant contends the Division of Child Protection and Permanency (Division) failed to prove each prong of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence. The Law Guardian supports the termination on appeal as it did before the trial court.

---

[1] We refer to defendant and the children by initials to protect their privacy. R. 1:38-3(d)(12).

2                                                                        A-3197-20

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition overwhelmingly supports the decision to terminate defendant's parental rights. Accordingly, we affirm substantially for the reasons set forth by Judge Nora J. Grimbergen in her thorough written decision rendered on June 21, 2021.

We will not recite in detail the history of the Division's interactions with defendant and the children. Instead, we incorporate by reference the factual findings and legal conclusions contained in Judge Grimbergen's decision. We add the following brief comments.

The guardianship petition was tried before Judge Grimbergen over the course of three days. The Division presented overwhelming evidence of defendant's parental unfitness and established, by clear and convincing evidence, all four statutory prongs outlined in N.J.S.A. 30:4C-15.1(a). In her thoughtful opinion, Judge Grimbergen concluded that termination of defendant's parental rights was in the children's best interests, and fully explained the basis for each of her determinations. In this appeal, our review of the judge's decision is limited. We defer to her expertise as a Family Court judge, Cesare v. Cesare, 154 N.J. 394, 413 (1998), and we are bound by her factual findings so long as

they are supported by sufficient credible evidence. N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 279 (2007).

Applying these principles, we conclude that Judge Grimbergen's factual findings are fully supported by the record and, in light of those facts, her legal conclusions are unassailable. Children are entitled to a permanent, safe and secure home. We acknowledge "the need for permanency of placements by placing limits on the time for a birth parent to correct conditions in anticipation of reuniting with the child." N.J. Div. of Youth & Fam. Servs. v. C.S., 367 N.J. Super. 76, 111 (App. Div. 2004). As public policy increasingly focuses on a child's need for permanency, the emphasis has "shifted from protracted efforts for reunification with a birth parent to an expeditious, permanent placement to promote the child's well-being." Ibid. That is because "[a] child cannot be held prisoner of the rights of others, even those of his or her parents. Children have their own rights, including the right to a permanent, safe and stable placement." Ibid.

The question then is "whether the parent can become fit in time to meet the needs of the children." N.J. Div. of Youth & Fam. Servs. v. F.M., 375 N.J. Super. 235, 263 (App. Div. 2005); see also N.J. Div. of Youth & Fam. Servs. v. P.P., 180 N.J. 494, 512 (2004) (indicating that even if a parent is trying to

change, a child cannot wait indefinitely). After carefully considering the evidence, Judge Grimbergen reasonably determined that defendant was unable to parent the children and would not be able to do so for the foreseeable future. Under those circumstances, we agree with the judge that any further delay of permanent placement would not be in the children's best interests.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION